```
         IN THE UNITED STATES DISTRICT COURT
             WESTERN DISTRICT OF ARKANSAS
                 FAYETTEVILLE DIVISION
```

DANIEL CHAPPELL                                        PETITIONER

        v.              Civil Case No. 11-5141

RAY HOBBS, Director,
Arkansas Department of Correction                      RESPONDENT

## O R D E R

    Now on this 13th day of August, 2012, comes on for consideration the **Magistrate Judge's Report And Recommendation** ("R&R") (document #28), and **Respondent's Objections To The Magistrate Judge's Report And Recommendation** ("Objections") (document #29), and the Court, being well and sufficiently advised, finds and orders as follows:

    1.  Petitioner Daniel Chappell ("Chappell") herein seeks a writ of habeas corpus that would remove him from the custody of the Arkansas Department of Correction, where he is imprisoned on a State sentence, while recognizing that he would immediately be detained in the United States Bureau of Prisons on a federal sentence. He alleges that his plea in the State case was involuntary; that his Judgment and Commitment Orders in the State case are invalid; that he received ineffective assistance of counsel in the State case; and that there was a violation of the Plea Agreement by the State.

    2.  The facts may be briefly summarized as follows. Chappell was arrested by State authorities and charged with rape;

computer exploitation of a child; distributing, possessing or viewing a matter depicting sexually explicit conduct involving a child; and possession of methamphetamine. He was subsequently indicted by federal authorities on seven counts of inducing a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, and two counts of inducing a minor in his custody to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct.

Recognizing that he was going to prison for the rest of his life, and not wanting to put his victim through a trial, Chappell tried to arrange things so that he could serve his time in a federal prison rather than a state prison. His State attorney was able to postpone sentencing on the State charges until after Chappell was sentenced on the federal charges, and the State court sentenced Chappell to serve his State sentence concurrently with his federal sentences, but this did not produce the desired result.

It turned out that because the State was the first sovereign to take Chappell into custody, he would have to serve his State sentence first, regardless of which sovereign imposed its sentence first. As a result, Chappell has to serve time in the Arkansas Department of Corrections before commencing his federal sentence, and his State sentence must be served in addition to, rather than

concurrently with, his federal sentence.

    3.   The matter was submitted to United States Magistrate Judge James R. Marschewski for report and recommendation. Judge Marschewski appointed an attorney to represent Chappell; conducted an evidentiary hearing; received briefs from both parties; and extensively analyzed all of Chappell's arguments. While he found that Chappell made some valid points, ultimately he determined that the Petition was time-barred, and recommended that it be denied for that reason.

    4.   Chappell has not filed timely objections to the R&R. Respondent, however, has filed Objections. While Respondent does not object to the ultimate conclusion of the R&R, he objects to Judge Marschewski's conclusion that, but for the statute of limitations, Chappell petition would warrant habeas corpus relief because there is cause to excuse his failure to exhaust his state remedies, and his claims are meritorious. Respondent's Objections are made, he says, out of an "abundance of caution."

    5.   The Court is not persuaded that there is anything to be gained by analyzing Respondent's Objections, inasmuch as they are moot. They do not go to the dispositive issue, which is not challenged by either party. The Court will, instead, adopt the conclusion of the R&R that Chappell's habeas corpus Petition is time-barred, and the Petition will be dismissed with prejudice.

    **IT IS THEREFORE ORDERED** that the **Magistrate Judge's Report**

And Recommendation is **adopted**.

  **IT IS FURTHER ORDERED** that, because it is barred by the statute of limitations, as stated in the **Magistrate Judge's Report And Recommendation**, plaintiff's habeas corpus Petition is **dismissed with prejudice**.

  **IT IS SO ORDERED.**

              /s/ Jimm Larry Hendren
              **JIMM LARRY HENDREN**
              **UNITED STATES DISTRICT JUDGE**